UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                  Case No. 8:08-cr-536-T-24 TGW

MERCANDY GAETAN

_____/

**ORDER**

This cause comes before the Court on Defendant Gaetan's Motion to Withdraw His Plea. (Doc. No. 87). The Government opposes the motion. (Doc. No. 90). The Court held a hearing on the motion on September 28, 2009.

Defendant was indicted on December 18, 2008 for robbery, conspiracy to commit robbery, carrying a firearm during the robbery, and threatening physical violence during the robbery. (Doc. No. 6). On July 21, 2009, Defendant pled guilty, pursuant to a plea agreement, which included a provision regarding substantial assistance. (Doc. No. 77, 81, 82). Specifically, the plea agreement provides that if substantial assistance is provided, the Government may file a motion for a downward departure to Defendant's sentence, but Defendant cannot challenge the Government's decision regarding whether it files such a motion. (Doc. No. 77, p. 6). On July 27, 2009, the Court accepted Defendant's guilty plea, adjudicated him guilty, and set sentencing for October 20, 2009. (Doc. No. 86).

On July 27th and 28th, Defendant engaged in two physical altercations while in the Citrus County Jail awaiting sentencing. (Doc. No. 90, Ex. 1). Thereafter, the Government informed Defendant that it would no longer consider any substantial assistance, which the Government had previously agreed to consider from Defendant's father on Defendant's behalf. In response to the Government's notification that it would no longer consider any substantial assistance, Defendant filed the instant motion to withdraw his guilty plea.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw his guilty plea after the court accepts the plea if "the defendant can show a fair and just reason for requesting the withdrawal." In making this determination, the burden is on Defendant, and the Court considers the totality of the circumstances surrounding the plea. See U.S. v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988). The Court considers four factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved[1], and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (citations omitted).

Defendant concedes that the first three factors do not weigh in his favor. However, he argues that the Government will not be prejudiced if the Court allowed him to withdraw his plea.

The Government responds that it will be prejudiced, because it would have to divert its limited resources to prosecute the case, and the delay that has occurred in bringing the case to trial prejudices the presentation of its case. See U.S. v. McCree, 225 Fed. Appx. 860, 865 (11th Cir. 2007)(finding that the district court's conclusion that the Government would be prejudiced by the delay in trying the case was reasonable, given that the delay was due to the defendant). Additionally, the Government points out that it would have to subpoena victim-witnesses to testify after the Government had already told them that they would not have to testify and re-live the robbery.

As stated at the hearing, upon consideration of the totality of the circumstances, the Court finds that Defendant has not shown a fair and just reason for withdrawing his plea. The Court notes that the proposed substantial assistance would be coming from Defendant's father, not from Defendant, and the Court views such third-party substantial assistance motions with disfavor. Furthermore, there is no allegation that the Government had an unconstitutional

---

[1]While the Court does not give this factor a lot of weight, since judicial resources would always be conserved by denying a motion to withdraw a plea, the Court notes that at the guilty plea hearing, Defendant's counsel conceded that it would be nearly impossible to succeed at trial given that Defendant did not wear a mask during the robbery and was caught on video.

motive for now refusing to consider any substantial assistance. Instead, the Government's decision is based on the fact that the Government had concerns about Defendant's violent tendencies and whether he should be given a chance to obtain a motion for a downward departure to his sentence in light of his physical altercations on two occasions while in jail. Additionally, the Government contacted Defendant's case manager to determine whether the two physical altercations at the jail were random events that were not representative of his behavior, and the case manager responded that Defendant had an attitude problem, was combative, and had resisted conforming to rules while in the Citrus County jail.

Therefore, the Court finds that the Government's refusal to honor its agreement to consider substantial assistance proffered on Defendant's behalf is not a sufficient reason for allowing Defendant to withdraw his guilty plea. The Government's decision was not based on a whim, but instead, it was based on Defendant's own violent conduct while in jail awaiting sentencing. The Court agrees with the Government that since Defendant acted criminally while awaiting sentencing, he should not have the opportunity to obtain a downward departure for substantial assistance.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Gaetan's Motion to Withdraw His Plea (Doc. No. 87) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record